UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEOMEDIC PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION   MDL No. 2511

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in six actions listed on Schedule A and three actions pending in the Southern District of West Virginia and not encompassed by this motion move to centralize this litigation in the Southern District of West Virginia. Defendants DIMA, S.L., Neomedic International, S.L., Neomedic, Inc. and Specialties Remeex International, S.L. (collectively, Neomedic) do not oppose the motion.

The litigation presently consists of seven actions pending in seven districts, as listed on Schedule A.[1] The motion for centralization included 21 actions, fourteen of which are pending in S.D. West Virginia. Those fourteen actions already have been transferred to or directly filed in one of the pelvic mesh products liability MDLs in that district—all but one were transferred by the Panel from other courts.[2] Movants have clarified that they do not wish to disturb those fourteen actions and agree with Neomedic and defendant Coloplast Corp. that they should remain in their current MDLs in the Southern District of West Virginia.

On the basis of the papers filed and hearing session held, we find that these seven actions involve common questions of fact, and that centralization in the Southern District of West Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations that defects in surgical products manufactured

---

[*] Judge Paul J. Barbadoro and Judge Lewis A. Kaplan did not participate in the disposition of this matter.

[1] The Panel is aware of five additional actions pending against Neomedic in five districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] The six pelvic mesh MDLs already pending in S.D. West Virginia are MDL No. 2187 – *In re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation*; MDL No. 2325 – *In re: American Medical Systems, Inc., Pelvic Repair System Products Liability Litigation*; MDL No. 2326 – *In re: Boston Scientific Corp. Pelvic Repair System Products Liability Litigation*; MDL No. 2327 – *In re: Ethicon, Inc., Pelvic Repair System Products Liability Litigation*; MDL No. 2387 – *In re: Coloplast Corp. Pelvic Support Systems Products Liability Litigation*; and MDL No. 2440 – *In re: Cook Medical, inc., Pelvic Repair System Products Liability Litigation*.

by Neomedic to treat pelvic organ prolapse and stress urinary incontinence cause injuries to women who are implanted with the products. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. Centralization also is consistent with our recent decisions creating separate pelvic repair product MDLs involving defendants American Medical Systems, Inc. (AMS), Boston Scientific Corp. (Boston Scientific), and Ethicon, Inc. (and entities related thereto), *see In re: Am. Med. Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359, 1360 (J.P.M.L. 2012), as well as our earlier decision in *In re: Avaulta Pelvic Support Sys. Prods. Liab. Litig.*, 746 F. Supp. 2d 1362, 1363 (J.P.M.L. 2010); and our most recent decisions in *In re: Coloplast Corp. Pelvic Support Sys. Prods. Liab. Litig.*, 883 F. Supp. 2d 1348, 1348 (J.P.M.L. 2012), and *In re: Cook Medical, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 949 F. Supp. 2d 1373, 2013 U.S. Dist. LEXIS 81638 (J.P.M.L. Jun. 11, 2013). In choosing to centralize MDL Nos. 2325 (AMS), 2326 (Boston Scientific), and 2327 (Ethicon) in the Southern District of West Virginia, as it had done in MDL No. 2187 (C.R. Bard, Inc.), the Panel noted that, as here, several actions were pending involving plaintiffs who had been implanted with multiple pelvic mesh products manufactured by multiple defendant groups. *See In re: AMS*, 844 F. Supp. 2d at 1361 ("it is beneficial in this litigation for a particular action involving claims against multiple manufacturers to remain whole and proceed as one action.").[3]

We conclude that the Southern District of West Virginia is the most appropriate transferee district for pretrial proceedings in this litigation. Several multi-product, multi-defendant actions involving Neomedic products are already before Judge Joseph R. Goodwin in one or more of the pelvic mesh MDLs pending in his court. It is possible that cases involving Neomedic and another manufacturer defendant will be filed in the future. Centralization in this district, therefore, will avoid the complications of having these multi-product, multi-defendant cases pending in more than one district. Severance of the claims against Neomedic and transfer to a different transferee court would run afoul of our previous determination to transfer multi-product, multi-defendant pelvic repair product actions to the MDL involving the defendant first named in the complaint. *See In re: AMS*, 844 F. Supp. 2d at 1361. Transfer of multi-product, multi-defendant cases in their entirety to a new transferee court likely would prejudice the non-Neomedic defendants named in those actions and almost certainly would disrupt the ongoing pretrial proceedings in the Southern District of West Virginia. Centralization in the Southern District of West Virginia eliminates these complications, and will allow the transferee court to continue the efficient supervision of pretrial proceedings in all related actions.

---

[3] After consulting with the transferee judge, the Panel determined to assign each multi-product/multi-defendant action to the MDL involving the first-named defendant in that action.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of West Virginia, and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Sarah S. Vance              Ellen Segal Huvelle

IN RE: NEOMEDIC PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2511

## SCHEDULE A

<u>Middle District of Alabama</u>

Judy Oglesby, et al. v. DIMA S.L., et al., C.A. No. 1:13-00484

<u>Southern District of Alabama</u>

Gloria Ruffin v. DIMA S.L., et al., C.A. No. 1:12-00586

<u>District of Minnesota</u>

Eugenie Marie Thomas v. Neomedic, Inc., C.A. No. 0:13-01057

<u>Western District of North Carolina</u>

Tamatha Dickerson v. DIMA S.L., et al., C.A. No. 5:12-00192

<u>Western District of Pennsylvania</u>

Tina Carpenter, et al. v. DIMA S.L., et al., C.A. No. 1:13-00077

<u>Eastern District of Tennessee</u>

Gina K. Keasling, et al. v. Desarrollo E Investigacion Medica Aragonesa S.L., et al.,
    C.A. No. 4:13-00066

<u>Middle District of Tennessee</u>

Lori Worthington, et al. v. DIMA S.L., et al., C.A. No. 3:13-00651